_____

No. 95-2433
_____

United States of America,           *
                                     *
          Appellee,                  *
                                     *  Appeal from the United States
     v.                              *  District Court for the
                                     *  Southern District of Iowa.
April Earlene Shepard,               *
                                     *        [UNPUBLISHED]
          Appellant.                 *


_____

          Submitted:  December 12, 1995

              Filed:  December 20, 1995
_____

Before BOWMAN and LOKEN, Circuit Judges, and SCHWARZER,* District Judge.
_____

PER CURIAM.


     Pursuant to 28 U.S.C. § 2255 (1988), April Shepard, a federal
prisoner, moved the District Court[1] for an order vacating her sentence.
The sole basis for Shepard's motion was that her trial counsel was
ineffective at her sentencing hearing because counsel did not present any
evidence to show that Shepard suffered from battered-woman syndrome at the
time she engaged in the offense for which she was convicted.  The District
Court denied the motion, and Shepard timely appeals.  We affirm.

_____

     *THE  HONORABLE  WILLIAM  W.  SCHWARZER,  United  States
     District Judge for the Northern District of California,
     sitting by designation.

     [1]The Honorable Harold D. Vietor, United States District Judge
for the Southern District of Iowa.

In 1992 Shepard pled guilty to violating 18 U.S.C. § 1958(a) (1988) by using the United States mails with the intent that a murder be committed. At sentencing, the District Court heard testimony from Shepard, Shepard's intended victim and common-law husband John Shepard, and Shepard's daughter. The witnesses stated that the Shepards had an abusive relationship and that Shepard was mentally ill when she attempted to hire someone to kill her husband and used the mails to facilitate the scheme. Based on this testimony, Shepard moved for downward departures pursuant to U.S.S.G. §§ 5K2.12 (duress), 5K2.13 (diminished capacity), and 5K2.10 (conduct of victim). The District Court denied the motion and sentenced Shepard to 97 months in prison and three years of supervised release. Shepard appealed her sentence, arguing that the District Court should have departed downward, and we affirmed.

In her § 2255 motion, Shepard raises only one issue: ineffective assistance of counsel based on counsel's failure to offer evidence at sentencing to prove that she was suffering from battered-woman syndrome at the time of her criminal conduct. After an evidentiary hearing, the District Court found that Shepard's trial attorney, Timothy McCarthy II, had considered offering evidence regarding battered-woman syndrome but, after a thorough investigation, decided not to do so because he believed he could not establish that Shepard was suffering from battered-woman syndrome.

McCarthy hired an investigator to uncover evidence that would prove that Shepard suffered from battered-woman syndrome. McCarthy's investigator reported that (1) the Shepards' relationship had been abusive in the past but that it had calmed down prior to April Shepard's criminal conduct, (2) the sole episode of physical abuse by John Shepard that could be documented was three or four years prior to April Shepard's criminal conduct; and (3) both of the Shepards were aggressors in the abusive relationship. Moreover, the record reveals that in response to

-2-

Shepard's general allegations of abuse and threats McCarthy asked her for details of specific events. Shepard, however, provided him with nothing other than the single incident from at least three years before her criminal conduct. Joint Appendix at 231. McCarthy also had Shepard evaluated for competency by Dr. M.A. Conroy, chief of forensics at the Lexington, Kentucky Federal Correctional Institution. Dr. Conroy's report states that Shepard had a history of alcohol abuse and may have suffered from chronic depression for many years but that she was not "suffering from any type of psychotic disorder." Id. at 133. The doctor also stated that "[a]t the present time, April Shepard is not suffering from any mental illness which would seriously interfere with her cognitive processes." Id. While a competency evaluation is not the same thing as an evaluation by a battered-woman-syndrome expert, Dr. Conroy's report supports counsel's conclusion regarding the lack of evidence that Shepard suffered from battered-woman syndrome. Additionally, counsel conferred with other attorneys about the plausibility of asserting a battered-woman-syndrome defense. He was uniformly advised against it. Based on all of these factors, McCarthy decided not to pursue the issue and thus did not petition the court for appointment of a battered-woman-syndrome expert. The District Court held that McCarthy's decision was "a reasonable decision under prevailing professional norms considering all the circumstances." United States v. Shepard, No. 92-5 (S.D. Iowa May 18, 1995) (memorandum opinion and ruling denying section 2255 relief).

After reviewing the parties' briefs and the relevant portions of the record, we conclude that the District Court must be affirmed. The District Court's findings of fact are not clearly erroneous and no error of law appears. An extended opinion by this Court would add nothing of precedential value to the well-reasoned opinion of the District Court. We therefore affirm the judgment of the District Court without further discussion. See 8th Cir. R. 47B.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.